

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# Ohio Cslty Ins Co v. Schuler

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ohio Cslty Ins Co v. Schuler" (2002). *2002 Decisions.* Paper 745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3541
_____

OHIO CASUALTY INSURANCE COMPANY,
an Ohio corporation

v.

CHRISTOPHER N. SCHULER;
GARY CHARLES ZUPON, JR.

Gary Charles Zupon, Jr., Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. No. 99-cv-00126)
District Judge: Honorable Gregory M. Sleet

_____

Argued: November 5, 2002

Before: BECKER, Chief Judge, McKEE and HILL,[*]
Circuit Judges.

(Filed: November 18, 2002)

STEPHEN P. CASARINO, ESQUIRE
THOMAS P. LEFF, ESQUIRE (ARGUED)
Cararino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276

_____

[*]Honorable James C. Hill, United States Circuit Judge for the Eleventh Circuit, sitting by designation.

Counsel for Appellant

ANDREW J. GALLOGLY, ESQUIRE (ARGUED)
Margolis, Edelstein
The Curtis Center - 4th Floor
6th & Walnut Streets
Philadelphia, PA 19106

Counsel for Appellee

Transcribed by:     Tracey J. Williams, CET

(Proceedings recorded by electronic sound recording;
transcript provided by AAERT-certified transcriber.)

_____

BENCH OPINION

_____

BECKER, Chief Judge.

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE BECKER:

This panel is a very busy panel.  I have projected, I think out of two days we may have as many as 11 precedential, what we used to call published opinions.  And we've conferred on this case and, frankly, we are prepared to dispose of this case at this juncture, and I will announce the opinion and judgment of the Court.

The panel has reviewed the record carefully and sympathetically to Mr. Zupon, who sustained grievous injury, and what we say we say with admiration for Mr. Leff, who very zealously, very diligently and in the highest traditions of the bar attempted to make recovery for his client, but we are satisfied that the exclusion in the policy that medical

2

payments to others do not apply to bodily injury or property damage which is expected or intended by the insured is fatal to the plaintiff's claim. The very facts that were described at argument this morning make it clear that this was an intended injury. Mr. Schuler approached Mr. Zupon, menacing him with a baseball bat, and the claim of self-defense is not even colorable here because there is no evidence that Mr. Schuler was threatened, menaced, or was in any kind of danger at the hands of Mr. Zupon. There may have been a lug wrench or a small wrench that was swung at him but no self-defense claim was ever made by Mr. Schuler, who pleaded guilty. Indeed, we believe that the guilty plea to assault under Delaware law is sufficient to -- was it aggravated assault? What was the --

COUNSEL: First-degree assault.

JUDGE BECKER:

First-degree assault under Delaware law is sufficient to dispose of the matter and, of course, perforce there was no self-defense claim at that time. So, based upon the facts and upon the plea, it is clear that there was intentional causing of serious physical injury to Gary Zupon by means of hitting him in the head with a baseball bat. And, while Mr. Leff has made a clever argument that there was no intention to inflict such severe emotional distress as Mr. Zupon sustained, it is a basic principle of law that one is liable for the foreseeable consequences of his actions and in this case emotional distress was clearly foreseeable. These comments are consistent with those made by Judge Sleet in his order of August 21st in granting Ohio Casualty's motion for summary judgment. For the reasons set forth by Judge Sleet and for the reasons that I have set forth in this bench opinion, the judgment will

3

be affirmed.  And that is the opinion and judgment of the Court.  Judge McKee, is there anything you want to add, any corrections?

THE HONORABLE JUDGE McKEE:  No.

JUDGE BECKER:  Judge Hill?

THE HONORABLE JUDGE HILL:  I would say that I'm not at all positive that self-defense is involved, but I think it well that the opinion covers that should it be necessary.

JUDGE BECKER:  Very well.  Thank you, gentlemen.

COUNSEL:  Thank you.

JUDGE BECKER:  And the Clerk will arrange to have this transcribed and sent to you.

(Bench opinion concluded).

---

TO THE CLERK:

Please file the foregoing Bench Opinion.

BY THE COURT:


/s/ Edward R. Becker
Chief Judge

5